IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: J.B. SAUCIER AND                                          DEBTORS
      BARBARA CAROLE SAUCIER

CHAPTER 7                                            CASE NO. 18-50294-KMS

### MOTION TO COMPEL TURNOVER OF CLASS ACTION SETTLEMENT PROCEEDS

**COMES NOW**, Zachary S. Wessler, Sr., Chapter 7 Trustee (hereinafter "Trustee Wessler") in the above-styled case, by and through his attorney for the trustee, and respectfully moves this Court for entry of an order requiring the turnover of class action settlement proceeds that rightfully belong to the bankruptcy estate but remain improperly withheld by ARCHER Systems, LLC, the Settlement Administrator for Roundup claims (hereinafter the "Settlement Administrator"). In support of this *Motion*, Trustee Wessler respectfully shows the Court as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and this is a core proceeding under 28 U.S.C. § 157(b)(2).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### PROCEDURAL BACKGROUND

3.    On February 20, 2018, James 'J.B.' Saucier ("Saucier") and Barbara Carole Saucier filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court. (Dkt. No. 1).

4.    Kimberly R. Lentz ("Trustee Lentz") was appointed as the interim Chapter 7 Trustee for this case.

5.    On April 11, 2018, Trustee Lentz filed a No Distribution Report.

1

6. Subsequently, Trustee Lentz discovered potential assets, including the Debtor's personal injury claim related to Roundup litigation.[1]

7. On March 21, 2022, Trustee Lentz filed a *Motion to Reopen* the case to pursue these assets for the benefit of the estate. (Dkt. No. 29).

8. On March 28, 2022, this Court granted the *Motion to Reopen* the case. (Dkt. No. 30).

9. On April 4, 2025, Trustee Lentz filed an *Application to Employ Kimberly R. Lentz as Attorney for the Trustee*. (Dkt. No. 33).

10. That same day, Trustee Lentz filed a *Notice of Assets*, requesting that the clerk's office establish a claims bar date. (Dkt. No. 34). A claims bar date of July 5, 2022 was established as a result.

11. On August 3, 2022, Trustee Lentz filed multiple applications to employ special counsel (the attorneys who were acting as the Debtor's plaintiff's counsel), namely, Justin Browne, Esq. with Ketterer, Browne & Andersen, LLC (Dkt. No. 38), Michael A. DeMayo, Esq. with Michael A. DeMayo, LLP (Dkt. No. 39), and Darsey Glean, Esq. with Pulaski Kherkher, PLLC (Dkt. No. 40), all of which were approved by the Court. (*See* Dkt. Nos. 41, 42, and 43, respectively).

12. On October 30, 2023, Trustee Lentz filed a Rule 9019 *Motion to Approve Compromise or Settlement* requesting that the Court:

---

[1] Saucier was a participant in the *In re Roundup Products Liability Litigation* and was entitled to receive settlement proceeds related to his alleged injuries from Roundup products. Because Saucier's Roundup litigation claim that formed the basis for the settlement existed as of the petition date of February 20, 2018, his claim, as well as the settlement proceeds therefrom, are property of the bankruptcy estate under 11 U.S.C. § 541(a).

> authorize the Trustee to accept $101,500.00, in full settlement of the personal injury claim; requests authority to pay a medical lien in favor of Medicare in the total amount of $12,931.10 and to pay a medical lien in favor of Southeast Louisiana VAMC in the total amount of $17,521.19, which amount will be disbursed by the Settlement Administrator; requests authority to execute any documents reasonably necessary to consummate the settlement, including the customary release and dismissal documents and requests any additional or further relief that may be just given the premises.

(Dkt. No. 47).

13. That same day, Trustee Lentz filed a Final Application for Compensation of Special Counsel, which requested that the Court:

> approve attorneys' fees in the amount of $40,600.00 and expenses in the amount of $3,947.36 for Special Counsel, Michael A. DeMayo, Esq. with the firm Michael A. DeMayo, LLP and Darsey Glean, Esq. with Pulaski Kherkher, PLLC, in connection with the settlement of the Class Action Suit and requests any additional and further relief that may be just given the premises.

(Dkt. No. 49).

14. On November 29, 2023, the Court entered an *Order Granting Trustee's Motion to Approve Compromise or Settlement under Rule 9019* (Dkt. No. 51), which provided that:

> **IT IS… ORDERED AND ADJUDGED** that the Trustee's Motion is approved… that the Trustee is authorized to accept a gross settlement amount of $101,500.00, in full settlement and compromise of the personal injury claim involving a medical product manufacturer… that the [Trustee] is authorized to pay a medical lien in favor of a Medicare in the total amount of $12,931.10, which amount will be disbursed by the Settlement Administrator… that the [Trustee] is authorized to pay a medical lien in favor of Southeast Louisiana VAMC in the total amount of $17,521.19, which amount will be disbursed by the Settlement Administrator, [and] that the Trustee is authorized to execute any documents reasonably necessary to consummate the settlement, including the customary release and dismissal documents.

(Dkt. No. 51).

3

15. That same day, the Court also entered an *Order Granting Application for Compensation and Expenses for Special Counsel* (Dkt. No. 52), which provided that:

> **IT IS… ORDERED AND ADJUDGED** that the Trustee's Motion is approved…[and] in accordance with the settlement statement attached to the Motion as Exhibit "A," Michael A. DeMayo, Esq. with the firm Michael A. DeMayo, LLP and Darsey Glean, Esq. with Pulaski Kherkher, PLLC are awarded $40,600.00 in fees and $3,947.36 in expenses as an administrative expense.

(Dkt. No. 52).

16. Between May 2022 and May 2024, Trustee Lentz repeatedly sought status updates from the Settlement Administrator. As reflected in Trustee Lentz's notes (attached hereto as **Exhibit "1"**), the Settlement Administrator initially cited Medicare lien resolution delays, then offered only non-substantive responses. The last entry, a May 2024 communication, merely stated that they were "inquiring about the funds," without providing any concrete timeline.

17. On January 17, 2025, Kimberly R. Lentz submitted her resignation as interim trustee due to retirement, and this Court accepted the resignation and appointed Trustee Wessler as successor trustee. (Dkt. No. 56).

18. On February 26, 2025, Trustee Wessler filed a *Motion to Substitute Counsel and Application to Employ Counsel Zachary S. Wessler, Sr.* as Attorney for the Trustee. (Dkt. No. 57). The Court entered an Order approving that *Motion* on February 28, 2025. (Dkt. No. 58).

19. On March 11, 2025, Trustee Wessler contacted the Settlement Administrator identifying himself as the Successor Trustee and requesting an update on the status of the bankruptcy estate's settlement funds. (*See* Email Exchange attached hereto as **Exhibit "2"**).

20. Following his March 11, 2025 outreach, Trustee Wessler continued to contact the Settlement Administrator on multiple occasions throughout March–August 2025 seeking confirmation that the approved settlement funds would be disbursed to the bankruptcy estate. (*Id.*).

4

Despite repeated follow-ups, the Settlement Administrator did not provide a definitive timeline or checklist for release of funds, and would not reveal the identity of Defense counsel, preventing the Trustee from direct communications. (*Id.*).

21. In several exchanges, the Settlement Administrator raised a purported "probate" issue as an impediment to disbursement. (*Id.*). Trustee Wessler explained that the Roundup claim is property of the bankruptcy estate under 11 U.S.C. § 541 and is administered by the Chapter 7 trustee, not through any state-law probate process. (*Id.*)[2]. Trustee Wessler provided the Settlement Administrator with the Court's Order approving the settlement (Dkt. No. 51) and requested that it identify any remaining, case-specific documents needed to fund the settlement. (*Id.*). The Settlement Administrator did not articulate any concrete, probate-related requirement after receiving those materials but still declined to set a funding date. (*Id.*).

22. Thereafter, the Settlement Administrator transmitted a proposed release that exceeded the scope of the Trustee's statutory authority. Among other impermissible requirements, the release document—spanning twenty-six (26) pages, single-spaced—required Trustee Wessler, both in his individual capacity and in his official capacity as Chapter 7 Trustee, to release claims that extended well beyond those of the bankruptcy estate. It also sought indemnification obligations against the estate, and purported to release potential claims belonging to the Debtors' spouse, relatives, representatives and any derivative claimants who might conceivably assert claims.

23. Recognizing that the proposed release required extensive revision, Trustee Wessler engaged Special Counsel Paul Murphy, Esq., to revise the proposed release in accordance with the

---

[2] In addition, the undersigned counsel for the Trustee conducted an extensive search for estate and probate matters opened for Saucier, discovering none.

Bankruptcy Code and communicate with the Settlement Administrator and/or defense counsel regarding an acceptable form. (*See* Dkt. No. 60 – Trustee's Application to Employ Paul Murphy, Esq., and Dkt. No. 61 – the Court's *Order* granting same).

24. A revised release was then circulated through Mr. Murphy, designed to conform to the Court's November 29, 2023 Order and tailored to the estate's actual settlement authority under the Bankruptcy Code. (*See* **Exhibit "2"**, at pg. 4).[3]

25. While those release issues were pending, the Settlement Administrator continued to delay action. Ultimately, the Settlement Administrator provided a settlement statement reflecting the $101,500.00 gross settlement approved by the Court and the lien/fee allocations contemplated by the 9019 Order. (attached hereto as **Exhibit "3"**). Notwithstanding issuance of that settlement statement, the Settlement Administrator did not fund the estate's net proceeds or provide a date certain for doing so.

26. On August 18, 2025, in a further effort to avoid burdening the Court, Trustee Wessler sent a good-faith communication advising the Settlement Administrator that, absent prompt funding or a concrete funding date, the Trustee would file a motion to compel turnover. That notice afforded the Settlement Administrator additional time to perform. Nearly a month has elapsed since that communication. No funding has occurred, the Settlement Administrator has not provided a definitive timetable for funding, and has not provided a timeline for completion of their review of the appropriately revised release prepared by Special Counsel.

---

[3] Contemporaneously with the filing of this Motion, Trustee Wessler is submitting to chambers by email, **FOR IN CAMERA REVIEW ONLY**, (1) the overbroad form release provided by the Settlement Administrator/Defense counsel and (2) the Trustee's proposed revised release circulated through Mr. Murphy. These materials are being provided for in camera review only due to the confidential nature of the release language and are not intended for public filing on the docket.

27. The Settlement Administrator's continued delay persists despite the Court's prior approval of the compromise (Dkt. No. 51), Trustee Wessler's provision of authority documents, and Trustee Wessler's willingness to execute an appropriately limited, customary release consistent with the 9019 Order and the Bankruptcy Code. As a result, the Estate and its creditors remain prejudiced by the non-payment of approved settlement proceeds.

28. Trustee Wessler has exhausted informal means of resolution. Given the Settlement Administrator's failure to provide either (a) funding, (b) a firm, near-term funding date, or (c) any timeline for completion of their review process following the Trustee's good-faith notice, Court intervention is now necessary to compel turnover of the estate's funds.

## LAW AND ARGUMENT

### I. THE ESTATE HAS SUFFERED UNREASONABLE AND PREJUDICIAL DELAY

29. The Debtors' bankruptcy case was filed on February 20, 2018—over seven years ago.

30. This Court approved the settlement on November 29, 2023, nearly two years ago, authorizing the Trustee to accept $101,500.00 in gross settlement proceeds. (Dkt. No. 51).

31. Despite Court approval nearly two years ago, no settlement funds have been disbursed to the bankruptcy estate, causing substantial prejudice to the estate and its creditors.

32. The Settlement Administrator's indefinite delay in funding the settlement has deprived the bankruptcy estate of property that rightfully belongs to it under the Bankruptcy Code.

### II. LEGAL AUTHORITY FOR MANDATORY TURNOVER

#### A. Section 542 Mandates Turnover of Estate Property

33. Section 542(a) of the Bankruptcy Code provides that

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease

7

> under section 363 of this title... shall deliver to the trustee, and account for, such property or the value of such property.

11 U.S.C. § 542(a).

34. The settlement proceeds constitute property of the bankruptcy estate under 11 U.S.C. § 541(a)(1) as they arose from the Debtors' legal cause of action that existed as of the petition date.

35. The Settlement Administrator's continued retention of these proceeds violates the mandatory turnover provisions and unlawfully deprives the bankruptcy estate of its property.

### B. Defense Counsel's Overly Broad Release Exceed Legal Authority

36. Defense counsel's demand for a twenty-six page release that extends beyond the Debtor J.B. Saucier's Roundup claims and requires releases in the Trustee's individual capacity is unwarranted and exceeds the Trustee's statutory authority under the Bankruptcy Code.

37. A bankruptcy trustee cannot execute releases that would bind himself individually, and the bankruptcy estate, to claims unrelated to the specific matter being settled, claims of non-debtor third parties, or claims that would expose the bankruptcy estate to indemnification obligations.

### C. The Bankruptcy Estate Is Entitled to Immediate Relief

38. The settlement was approved nearly two years ago, the Trustee has provided all required documentation, and the only impediment to funding is defense counsel's acceptance of the Trustee's appropriately tailored release and funding to the bankruptcy estate.

39. The bankruptcy estate and its creditors have been substantially prejudiced by this unreasonable delay, and immediate Court intervention is necessary to compel turnover of property that rightfully belongs to the bankruptcy estate.

40.     Justice requires that the Settlement Administrator and/or Defense Counsel be ordered to fund the settlement proceeds immediately upon execution of an appropriately tailored release as tendered by the Trustee.

**WHEREFORE**, **PREMISES CONSIDERED**, Chapter 7 Trustee Zachary S. Wessler, Sr. respectfully requests that this Court: **(1)** grant this *Motion to Compel Turnover of Class Action Settlement Proceeds*, **(2)** set this matter for an in-person hearing and require the personal attendance of representatives from Defense counsel and ARCHER Systems, LLC (the Settlement Administrator) to show cause why they have failed to accept the Trustee's appropriately tailored release and failed to timely forward the settlement funds authorized by this Court's Order, **(3)** order that ARCHER Systems, LLC, and any other entity in possession, custody, or control of the Roundup settlement proceeds, immediately turn over to the Trustee the sum of $26,500.35, representing the net proceeds from the Roundup settlement that constitute property of the bankruptcy estate, **(4)** order that any release executed in connection with the settlement of Saucier's referenced claim(s) be limited in scope to claims governed by the Bankruptcy Code, and **(5)** order such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** on this the 18th day of September, 2025.

ZACHARY S. WESSLER, SR., TRUSTEE

By:     */s/ Zachary S. Wessler, Sr.*
        ZACHARY S. WESSLER, SR., *Attorney*

OF COUNSEL:

Zachary S. Wessler, Sr., Esq. (MSB #105849)
**SYMMES & ESTES, PLLC**
1806 23rd Avenue, Suite A
Gulfport, Mississippi 39501
Telephone (228) 207-0496
Email: zach@symmesestes.com
*Attorney for Chapter 7 Trustee, Zachary S. Wessler, Sr.*

## CERTIFICATE OF SERVICE

I, ZACHARY S. WESSLER, SR., do hereby certify that I have this date electronically transmitted *via* CM/ECF Noticing, a true and correct copy of the above and foregoing *Trustee's Motion to Compel Turnover of Class Action Settlement Proceeds* to all counsel of record, including the following:

United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

Thomas Carl Rollins, Jr, Esq.
trollins@therollinsfirm.com
*Attorney for Debtor*

Paul Murphy, Esq.
paul.murphy@butlersnow.com
*Trustee's Special Counsel*

I further certify that I have also transmitted by U.S. Mail and/or email a true and correct copy of the above and foregoing to:

Michelle Mata
ARCHER Systems, LLC
mmata@archersystems.com
*Settlement Administrator*

**SO CERTIFIED** this the 18th day of September, 2025.

ZACHARY S. WESSLER, SR., TRUSTEE

By:  */s/ Zachary S. Wessler, Sr.*
ZACHARY S. WESSLER, SR., *Attorney*

OF COUNSEL:

Zachary S. Wessler, Sr., Esq. (MSB #105849)
**SYMMES & ESTES, PLLC**
1806 23rd Avenue, Suite A
Gulfport, Mississippi 39501
Telephone (228) 207-0496
Email: zach@symmesestes.com
*Attorney for Chapter 7 Trustee, Zachary S. Wessler, Sr.*